O

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SAMUEL LOVE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>EKAB EL DIAB, in individual and representative capacity as trustee of the Ekab El Diab Family Trust Dated October 27, 2005; LOUDI EL DIAB, in individual and representative capacity as trustee of the Ekab El Diab Family Trust Dated October 27, 2005; and DOES 1-10,<br><br>　　　　Defendants. | CV 18-548-RSWL-KK<br><br>**ORDER re: Arnold LaRochelle Mathews VanConas & Zirbel, LLP's Motion to Withdraw as Counsel** [12] |

　　Currently before the Court is Arnold LaRochelle Mathews VanConas & Zirbel, LLP's ("Defense counsel") Motion for an Order Permitting Withdrawal of Counsel of Record for Ekab El Diab and Loudi El Diab ("Motion") [12]. Having reviewed all papers submitted pertaining to this Motion, the Court **NOW FINDS AND RULES AS FOLLOWS:** the Court **GRANTS** Defense counsel's Motion.

///

1

**I. BACKGROUND**

Plaintiff Samuel Love ("Plaintiff") filed his Complaint [1] against Defendants Ekab El Diab and Loudi El Diab (collectively, "Defendants") in their individual and representative capacities as trustees of the Ekab El Diab Family Trust dated October 27, 2005, alleging violations of the Americans With Disabilities Act of 1990. Defendants retained Defense counsel on April 26, 2018. Decl. of Dean W. Hazard ¶ 2, ECF No. 12. Defense counsel entered into discussions with Plaintiff's counsel, and Plaintiff made an initial settlement demand on May 14, 2018. Id. ¶¶ 3-4. Defense counsel transmitted this demand to Defendants, and Defendants decided they no longer wanted Defense counsel to represent them. Id. ¶ 5; see Decl. of Ekab El Diab ¶ 4, ECF No. 12-1; Decl. of Loudi El Diab ¶ 4, ECF No. 12-2.

Defense counsel then filed the instant Motion [12] on May 30, 2018. Plaintiff filed a Notice of Non-Opposition [15] on June 8, 2018.

**II. DISCUSSION**

**A. Legal Standard**

The decision to grant or deny a motion to withdraw is committed to the sound discretion of the district court. United States v. Carter, 560 F.3d 1107, 1113 (9th Cir. 2009). When considering a motion to withdraw as counsel, the Court will weigh four factors: "(1) the reasons why withdrawal is sought; (2) the prejudice

withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay resolution of the case." Stewart v. Boeing Co., No. CV 12-05621 RSWL (AGRx), 2013 WL 3168269, at *1 (C.D. Cal. June 19, 2013).

An attorney may not withdraw unless he "has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, including giving due notice to the client, allowing time for employment of counsel," releasing to the client all the client papers and property, refunding any part of a fee paid in advance that has not been earned, and complying with applicable laws and rules.[1] Cal. R. Prof. Conduct 3-700(A), 3-700(D); see McClintic v. U.S. Postal Serv., No. 1:13-cv-00439, 2014 WL 51151, at *2 (E.D. Cal. Jan. 7, 2014).

Special rules attach when counsel for an organization withdraws. An organization may not appear in an action "unless represented by an attorney." C.D. Cal R. 83-2.2.2. Local Rule 83-2.3.4 provides, "[a]n attorney requesting leave to withdraw from

---

[1] Local Rule 83 also governs withdrawal of attorneys. Under Local Rule 83-2.3.2, an "attorney may not withdraw as counsel except by leave of court. A motion for leave to withdraw must be made upon written notice given reasonably in advance to the client and to all other parties who have appeared in the action. The motion for leave to withdraw must be supported by good cause. Failure of the client to pay agreed compensation is not necessarily sufficient to establish good cause."

representation of an organization of any kind (including . . . trusts) must give written notice to the organization of the consequences of its inability to appear *pro se*."

**B.** <u>**Discussion**</u>

Defense counsel's Motion satisfies "good cause" under the four factors. First, Defense counsel seeks to withdraw because Defendants specifically informed Defense counsel that they no longer wished to have Defense counsel represent them. <u>See</u> <u>McNally v. Commonwealth Fin. Sys., Inc.</u>, No. 12-CV-2770-IEG (MDD), 2013 WL 685364, at *1 (S.D. Cal. Feb. 25, 2013) ("Defendant's consent . . . establish[es] good cause for withdrawal."). Second, the lack of prejudice to other parties weighs in favor of granting this Motion, as Plaintiff filed a Non-Opposition. <u>See</u> <u>Allied World Nat'l. Assur. Co. v. SK PM Corp.</u>, No. 1:10-cv-01262-LJO JLT, 2013 WL 2102696, at *3 (E.D. Cal. May 14, 2013) (finding plaintiffs would not suffer prejudice from the withdrawal, as no opposition had been filed). Nor will withdrawal prejudice Defendants, as Defense counsel informed Defendants of its intent to withdraw in writing, and Defendants expressly stated they no longer wanted Defense counsel to represent them. Decl. of Ekab El Diab ¶ 4; Decl. of Loudi El Diab ¶ 4; <u>see</u> <u>McNally</u>, 2013 WL 685364, at *1. Finally, withdrawal will not delay resolution of the case, as this Action is in the early stages, with no trial or discovery cut-

4

off dates. See McNally, 2013 WL 685364, at *1 (dismissing concerns that corporate client would be left without an attorney, given the early stage of litigation, defendant's consent, and plenty of time to seek substitute counsel).

Because Defense counsel has shown good cause for withdrawal, and Defendants specifically requested withdrawal, the Court **GRANTS** Defense counsel's Motion. However, Defendants are advised that they may only appear in federal court through licensed counsel. See Rowland v. Cal. Men's Colony, 506 U.S. 194, 202 (1993) (citation omitted); C.E. Pope Equity Tr. v. United States, 818 F.2d 696, 698 (9th Cir. 1987) (finding status as trustee prevented party from appearing *pro se* in federal court).

### III. CONCLUSION

Based on the foregoing, the Court **GRANTS** Defense counsel's Motion. Defense counsel shall be relieved from representation of Defendants. Defendants shall have 30 days from the entry of this order to obtain counsel and for counsel to make a proper appearance. Failure to comply with this order will lead to the Clerk's Entry of Default and subsequent default judgment proceedings initiated by the Plaintiff.

///

///

Defense counsel is ordered to file a declaration advising the Court of Defendants' address and telephone number.  Further, Defense counsel shall serve this order upon Defendants.

**IT IS SO ORDERED.**

DATED: July 10, 2018              s/ RONALD S.W. LEW

                                         **HONORABLE RONALD S.W. LEW**
                                         Senior U.S. District Judge